6030012.001
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY
----------------------------------------------------------X

SEALAND a MAERSK COMPANY
f/k/a SEALAND,

               Plaintiff,

        -against-               CASE NO.


TRI-STAR FREIGHT FORWARDING CORP.,
d/b/a  TRI-STAR FREIGHT, a Florida Corporation,
and JOYCE C. RODRIGUEZ, An Individual,

               Defendants.

----------------------------------------------------------X

## CIVIL COMPLAINT IN ADMIRALTY

COMES NOW Plaintiff SEALAND a MAERSK COMPANY f/k/a SEALAND (hereinafter "SEALAND" or "Plaintiff"), by and through its undersigned counsel, and sues the Defendants TRI-STAR FREIGHT FORWARDING CORP., D/B/A TRI-STAR FREIGHT and  JOYCE C. RODRIGUEZ (collectively "Defendants") and as grounds for this action alleges as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1.     This is an admiralty and maritime claim for damages.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333.  This matter arises under the laws of the United States, in particular, The Shipping Act of 1984, 46 U.S.C. §40101 et. seq. (hereinafter "The Act").

2.      SEALAND is a common carrier by water, *inter alia*, in the interstate and foreign commerce of the United States as defined in The Act and was such a common carrier for the benefit of Defendants.

3.      Defendants were at all times herein mentioned, a natural person, firm, association, organization, partnership, corporation, business, trust, or public entity, with its principal place of business or residence in this district and is and was a legal entity capable of being sued.  Defendants are subject to personal jurisdiction in this Court. Defendant JOYCE C. RODRIGUEZ is the principal of Defendant TRI-STAR FREIGHT FORWARDING CORP., D/B/A TRI-STAR FREIGHT.   Per the terms and conditions of SEALAND's bills of lading, JOYCE C. RODRIGUEZ is jointly liable with TRI-STAR FREIGHT FORWARDING CORP., D/B/A TRI-STAR FREIGHT for all charges prayed for herein.

4.      Venue is proper in this judicial district because it is where the claim arose and where Defendants reside or do business.

5.      Plaintiff has retained the undersigned counsel to represent its interests in this matter and is obligated to pay its counsel a reasonable attorneys' fee for their services herein.

### FIRST COUNT
**(For Money due Under Tariff/Service Contracts)**

6.      Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 5 above as if realleged and restated herein in their entirety.

7.      Plaintiff has filed a schedule of its rates and charges and service contracts for the carriage of cargo, including detention and demurrage charges, wharfage and dockage with the Federal Maritime Commission or has otherwise maintained said rates and charges pursuant to The Act.  Pursuant to The Act, Plaintiff is prohibited from transporting cargo for a lesser rate than that

specified in its tariffs or service contracts.  The Act also prohibits Defendants from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

8.      In the course and scope of defendant's NVOCC operations Plaintiff transported cargo for the benefit of Defendants during 2016, 2017 and 2018 in the foreign commerce of the United States. Such transportation and services provided are evidenced by Plaintiff's bills of lading and/or freight bills, invoices, including detention and demurrage charges, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference.  Plaintiff has fully performed its tariff obligations.  A list of said invoices is attached hereto as **Exhibit 1** and made a part hereon.  The invoices each reference the particular bills of lading and the invoices set forth the associated charges due under each bill of lading including, but not limited to, freight, demurrage and detention charges.

9.      Plaintiff has demanded that Defendants pay the full amount due of $23,916.25.

10.      Defendants have knowingly and willfully failed and refused to pay Plaintiff the full amount due.

11.      Consequently, Defendants are liable to Plaintiff in the amount of $23,916.25, plus reasonable attorneys' fees and interest thereon.

## SECOND COUNT
### (For Breach of Written Contract(s))

12.      Plaintiff refers to paragraphs l through 11 of this complaint and incorporates them herein by this reference.

13.      Said transportation was performed pursuant to written contracts of carriage between Plaintiff and Defendants, as evidenced by said bills of lading and/or freight bills listed in **Exhibit 1**.

14.      Plaintiff has fully performed its obligations under said contracts except those obligations, if any, which Plaintiff was excused from performing.

15.     Plaintiff has demanded that Defendants pay the amount due under said contracts and the Defendants have refused to pay thereon.  Consequently, Defendants are liable to Plaintiff in the amount of $23,916.25, plus reasonable attorneys' fees and interest thereon.

### THIRD COUNT
**(For Goods Wares and Services)**

16.     Plaintiff refers to paragraphs 1 through 15 of this complaint and incorporates them herein by this reference.

17.     Within the last five (5) years, Defendant became indebted to Plaintiff for goods, wares and services provided by Plaintiff to Defendants, as evidenced in Exhibit 1 for which Defendants agreed to pay plaintiff.

18.     Despite due demand, the sum of $23,916.25 is now due, owing and unpaid for said goods, wares and services.


WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.      For judgment in the amount of $23,916.25.

2.      For the costs of collection, according to proof;

3.      For costs of suit incurred herein, according to proof;

4.      For pre-judgment and post-judgment interest;

5.      For reasonable attorneys' fees; and

6.      For such other and further relief as the Court deems just and proper.


Dated:  Key Biscayne, Florida
        August 6, 2019

THOMAS V. HALLEY, P.A.


By:  /S/ Thomas V. Halley
Thomas V. Halley
Florida Bar No. 0694363
Attorney for Plaintiff
251 Galen Dr., #302E
Key Biscayne, FL 33149
Tel. 305 469-0507
thalley@shiplaw.net